*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-128

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| Donald Bishop | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Town of Springfield | } | DOCKET NO. 205-4-15 Wrcv |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a superior court judgment affirming a decision by the select board of the Town of Springfield declaring a building owned by plaintiff to be a public nuisance and ordering that it be demolished. Plaintiff contends: (1) the decision violated his constitutional right to due process of law by failing to afford him an opportunity to repair the building; and (2) the evidence did not support the board's findings and conclusions. We affirm.

The material facts may be summarized as follows. The building in question was damaged by a fire in November 2012. Two years later, in November 2014, the Town's fire chief filed a complaint with the Board under the Town's nuisance ordinance asserting that the fire-damaged structure was unsafe. As required by the ordinance, the Board appointed a three-person committee to inspect the premises and report to the Board. Based on the committee's report, filed with the Board in December 2014, the Board found that the building was a public nuisance and ordered that it be demolished.

Plaintiff appealed, and the Board held an evidentiary hearing on the matter in January 2015. A representative of the committee and a licensed structural engineer presented testimony on behalf of the Town. Plaintiff appeared with counsel, who questioned the Town's witnesses, and plaintiff testified on his own behalf but called no other witnesses. At the conclusion of the hearing, the Town granted plaintiff's request to continue the hearing to its next meeting in February 2015 to afford plaintiff an opportunity to present testimony from his own engineer. At the continued hearing, however, plaintiff presented no additional testimony or other evidence. Plaintiff's attorney informed the Board that plaintiff did not intend to take any action pending an insurance settlement, which he expected in May 2015, and that his engineer was working on a plan to demolish part of the building and rehabilitate another part.

The Board issued a written decision in late February 2015. The Board found that, as a result of the fire and lack of repair, the building was in a seriously dilapidated and unstable condition, including damage to about a third of its supporting members and fifty percent or more of its nonsupporting or outside walls; that substantial portions of the walls and framing and rafters had been destroyed or damaged and continued to deteriorate; that the roof was bowed and leaking;

and that the foundation contained cracks. The Board concluded that the building was structurally unsafe, was liable to collapse, and presented a danger to the public health and safety. Based on these findings and conclusions, the Board concluded that the building constituted a public nuisance under the ordinance and ordered that it be demolished.

Plaintiff appealed to the superior court pursuant to Vermont Rule of Civil Procedure 75. The court reviewed the entire record, including video recordings of the hearings before the Board and the photographic exhibits, heard argument from counsel for plaintiff and the Town at a hearing in November 2015, and issued a written ruling in March 2016. The court initially observed that although plaintiff's notice of appeal appeared to allege an unconstitutional taking without just compensation, plaintiff had not pursued this argument at the hearing. Nevertheless, the court found no merit to the claim, relying on substantial state and federal authority holding that a state need not provide compensation when it demolishes a property that was properly determined to constitute a nuisance.

Next the court addressed plaintiff's assertion, raised at the hearing, that the Town's ordinance and procedures did not comport in some respect with the statutory provisions for the condemnation of an unsafe structure. See 24 V.S.A. §§ 3113-3116. The court rejected the claim, observing that the Town was proceeding under a separate statutory authorization for the removal of a public nuisance under 24 V.S.A. § 2291(14).

Finally, the court rejected plaintiff's challenge to the sufficiency of the evidence underlying the Board's findings and conclusion that the structure was a public nuisance requiring demolition. The court concluded that the decision was amply supported by the extensive testimony of the Town's witnesses. This appeal followed.

Plaintiff first contends that "constitutional due process" required the Board to afford him an opportunity "to repair the building to prevent demolition." The trial court did not address this argument for the simple reason that it was not raised below, and therefore the claim was waived on appeal. See Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 28, 189 Vt. 518 (mem.) ("Failure to preserve issues below results in waiver, even of constitutional issues."). As discussed, plaintiff's notice of appeal asserted that the Board's action constituted a taking without compensation, but the record reveals no claim or argument that the Board violated due process by not affording plaintiff an opportunity to repair. Although plaintiff asserts that the issue was raised, his citations are to one statement by counsel that due process required the court to make findings independent of the Board, and several others where counsel argued that plaintiff should be given the opportunity to repair. The court addressed the latter argument in upholding the Board's determination that the fire damage, combined with two years of neglect, had rendered the building so structurally unsound and dangerous to the public that demolition was required under the ordinance.* The record does not, however, show that plaintiff gave the trial court any reasonable notice or opportunity to address his asserted due process claim. See id. ("Issues not raised with specificity and clarity, and in a manner which gives the trial court a fair opportunity to rule on them, are . . . waived."). Accordingly, the claim was not properly preserved for review on appeal.

---

* Indeed, the Town's ordinance specifically requires that, if the building could "reasonably be repaired so that it will no longer exist in violation of the terms of this article, it shall be ordered repaired or secured." The extent of structural damage to the building found by the Board, however, supported demolition under the ordinance.

Plaintiff also asserts that the record did not support the Board's findings concerning the extent of damage to the building and the determination that it must be demolished. He appears to raise three claims in this regard. First, he asserts that the court applied an incorrect standard of review. The court applied the proper standard articulated by this Court in Garbitelli v. Town of Brookfield, 2011 VT 122, 191 Vt. 76, to the effect that "[r]eview of evidentiary questions is limited to whether there is any competent evidence to justify the adjudication." 2011 VT 122, ¶ 6, 191 Vt. 76 (quotation omitted). The principal case cited by plaintiff is not to the contrary. In Eno v. City of Burlington, 125 Vt. 8 (1965), the Court observed that a municipal determination of a nuisance is "persuasive and not conclusive," but the Court's reaffirmation that a municipal board's findings are "presumed correct" and afforded "every presumption" show that it was not attempting to create a separate or less deferential standard of review. 125 Vt. at 14.

Plaintiff further maintains that the demolition ordered by the Board was premature in view of his pending insurance claim, but the Board was aware of plaintiff's position and was not required to wait several more months to demolish a building that it found, based on the evidence, to be unsafe and a danger to the public.

Finally, plaintiff asserts that the evidence was insufficient to demonstrate that demolition was necessary "to protect the public," that the damage was not "reparable," and that the damage or deterioration involved at least fifty percent of the structure, as required by the ordinance's standard for the demolition of a building.

As the trial court here noted, the Board's findings were based on the "extensive testimony" and photographic exhibits of a structural engineer, who described the deteriorated condition "of the structure generally, its individual components specifically, and the likelihood that the nuisance could be abated." The witness testified to load-carrying rafters and members that were completely destroyed, and to damage from the fire and two years of exposure that he characterized as substantial and massive and involving over fifty percent of the structure. He described all parts of the building as being unsafe, and, when questioned by plaintiff's attorney, rejected the possibility of stabilizing and repairing the existing structure as unreasonable and irresponsible. The witness's testimony was more than sufficient and competent to support the Board's finding under the ordinance that demolition of the building was required. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3